JOSEPH F. PORTER, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

The jurisdiction of the superior courts of this state, to take cognizance of and to try and punish misdemeanors, is granted by the constitution. Such jurisdic'ion, however, is not exclusive, and it is competent for the general assembly to confer concurrent jurisdiction over such matters on city or county, or other courts, but the legislature is not authorized to deny jurisdiction to the superior courts altogether.

Constitutional law.   Criminal law.   Jurisdiction.   Before Judge HOPKINS.   Fulton Superior Court.   April Term, 1874.

Porter was placed on trial for the offense of having, whilst a constable, received from a prisoner, then in arrest and under a warrant for retailing without license, $25 00, said sum being paid in consideration of his releasing said prisoner and stopping the prosecution.   The defendant pleaded that by act of the general assembly of the state of Georgia, approved February 25th, 1874, the superior court of Fulton county had no jurisdiction to try said case, because exclusive jurisdiction was thereby vested in the city court of Atlanta.

Upon demurrer, said plea was stricken, and the defendant excepted..   The plea of not guilty was then filed, but the jury found to the contrary.

Error is assigned upon the above ground of exception.

W. F. WRIGHT, for plaintiff in error.

JOHN T. GLENN, solicitor general, for the state.

McCAY, Judge.

Which of these two acts—the act giving to the city of Atlanta a new charter, or the act amending the act creating the city court—is to be considered as modifying the other, in matters in which the provisions are inconsistent, we do not, in terms, decide.   The act last signed was first passed by the votes of the members of both houses, though it was not sent

to the governor, or signed by him, until after the other. · See the journal of the senate of 1874.

The question is a new one, and not without difficulty, though by the very terms of our constitution, it would seem·to be clear, whatever may be the rule in other states, that no act can be of force until it has either been sanctioned by the governor, or those other steps have been taken, provided for in the cases where he fails to sign, or vetoes a bill: Constitution of 1868. As, in our judgment, it is not competent for the legislature to deny to the superior court jurisdiction over misdemeanors, it is immaterial for the decision of the questions made by this record to settle which of these acts is to be treated as the last expression of the legislative will. If in respect to the jurisdiction of the superior court, the act of February 25th, 1874, is void, then there has been no legislative will expressed upon the subject at, least no such expression as is effective, and the date of it becomes immaterial. Our opinion is that the constitution itself, confers jurisdiction on the superior court to try misdemeanors and that whilst the legislature may confer the same jurisdiction upon other courts, it cannot deny the jurisdiction to the superior court. In the case of *Bell vs. The State*, 41 *Georgia*, 589, the question was whether, under the *laws* as they stood, the superior court had this jurisdiction, and in discussing it our attention was only called to the question whether it was competent for the superior court to try a misdemeanor—whether that competency was derived from the constitution alone or from the laws passed under it, was immaterial, · and our purpose in the decision was mainly to show that under the *laws* the right to entertain jurisdiction was in the superior court. Whether the power could be found in the constitution without any legislative act, was not before us, and in the discussion of it we were not solicitous to decide that question. We did, however, by a reference to the peculiar language of the constitution, as compared with the words used in the constitutions of 1798, 1861 and 1865, and by other provisions of the constitution of 1868, as section 1 of article 5, and that clause of article XII., tranferring to the superior court the cases,

civil and criminal, pending in the county court, express some of the reasons controlling us in our present judgment. As, however, the present record brings up the question squarely, whether the jurisdiction of the superior courts of this state is granted by the constitution itself, without and above any legislative act, we have given to the whole subject our greatest consideration, and are driven by our convictions to say, that we think jurisdiction is granted by the constitution itself, and that it is not competent for the legislature to take it away.

We will not repeat what was said in 41 *Georgia*, 589, in reference to the slight difference in the words of the several constitutions. The difference between "exclusive jurisdiction in all criminal cases except misdemeanors," and "exclusive jurisdiction over felonies," is not a striking one, and though, without doubt, there is a difference, and by close analysis the difference *may* be made out very material, yet, taking the constitution altogether, and considering the history of the state, and of the superior court, we are clear that no difference was intended. The superior courts have ever in our history been the great reservoir of judicial power—the *aula regis*, as it were—in which the judicial powers of the state were vested, and however other courts might be erected as a relief to it, to take cognizance of minor matters, the practice has been uniform to retain in this tribunal concurrent, and generally, even supervisory power over them: 36 *Georgia*, 87; 9th *Ibid.*, 264. That a policy so persisted in for nearly a century, was intended to be abandoned, ought to be envidenced by plain words, and cannot fairly be deduced from a mere change in a form of expression. It is noticeable, too, in this connection, that the convention of 1868 abolished the county courts, which had this jurisdiction, and whilst it provided for a district court as a mere experiment, to be abandoned at the will of the legislature, it was careful not to confer upon this district court *exclusive* jurisdiction over misdemeanors: Article 5, section 4. But we think the provisions of the 1st section of article 5th, and the 16th section of the same article, settles this question. The first section is as follows: "The

*judicial powers* of this state shall be vested in a supreme court, superior courts, courts of ordinary, justices of the peace, and commissioned notaries public, and such other courts as have been or may be established by law." And section 16th is in these words: "All courts not specially mentioned by name in the first section of this article, may be abolished in any county, at the discretion of the general assembly, and the county courts now existing in Georgia, are hereby abolished." It follows from these two provisions that these several courts mentioned by name are the constitutional courts of the state. These courts are beyond legislative discretion. The legislature may create and abolish at its pleasure, but these tribunals have amongst them *all judicial power* by the very terms of the constitution itself. As to the superior court, certain powers are subsequently, in section 3, paragraph 2, declared to be exclusive in that tribunal. But it is plain that in the four tribunals mentioned in section first, the constitution vests, either exclusively, or concurrently with such other courts as have been or may be established by law, jurisdiction over every matter of a *judicial nature* that can arise.

The supreme court is, in terms, limited to be *only* a court of errors, and to have no original jurisdiction. And the courts of ordinary and justice courts have their *judicial* powers defined within special limits, by section 5, paragraph 1, and by section 6, paragraph 2. It may be added also that both the ordinaries and the justice of the peace have their constitutional powers granted to them personally—that is, without a jury—so that the conclusion is inevitable, that by the very words of the constitution, the superior court has vested in it all the judicial powers of the state not specially cast by the constitution upon either the supreme court, the ordinaries or the justices of the peace, and this is emphatically true of all judicial questions requiring a jury trial, since the constitutional jurisdiction to both the ordinary and to the justices of the peace is to them personally—"an ordinary"—"justices of the peace and commissioned notaries public."

That it is the excercise of judicial power to try a misde-

meanor, and that the constitution contemplates (article 1, section 7) a jury, for such trial, is unquestionable. So that section 2, paragraph 2, of article 5, is rather to be looked on as specially intended, not to give the superior court jurisdiction at all, but to declare what portion of its jurisdiction is exclusive. It is noticeable, too, that out of the seven or eight specific enumerations in that paragraph, all but one are either of matters over which the superior court is declared to have exclusive jurisdiction, or are, by their nature, such matters as appeals, *certioraries* from inferior tribunals, etc., as are exclusive. The constitution of 1868 may therefore concisely be said—

1st. To vest all judicial power in the supreme court, superior courts, ordinaries and justices of the peace—commissioned notaries public, being, in fact, only another name for justices of the peace.

2d. To limit the jurisdiction of the supreme court, and fix the *constitutional* jurisdiction of the ordinaries and justices.

3d. To declare what matters are exclusively in the superior court.

4th. To leave all other questions of a judicial nature to the superior courts.

5th Under the qualifications vesting exclusive jurisdiction in the superior courts, to declare it competent for the legislature to establish any other tribunals or abolish them at its discretion.

6th. As by section 16 of article 3, the general assembly cannot abolish any of the courts mentioned by name in the first section, it follows that in conferring jurisdiction upon any new tribunal it must take care not to *deny* to either of these "mentioned" their constitutional jurisdiction; that it *must* leave to them at least concurrent jurisdiction over the matters left to them by the constitution, since, as is self-evident, the legislature, if it cannot abolish a court, it cannot take away its jurisdiction either in gross or in detail, which is the same thing.

For these reasons we are of the opinion that the section of the act of February 25th, 1874, which makes it *the duty* of the judge of the superior court to transfer to the city court of At-

lanta, for trial, all indictments for misdemeanors found by the grand jury in the superior court, is in violation of the constitution of 1868.

Judgment affirmed.