### 42372. MULLIS v. STATE OF GEORGIA.

NICHOLS, Presiding Judge. 1. "The jurisdiction of the superior courts of this state, to take cognizance of and to try and punish misdemeanors, is granted by the Constitution. Such jurisdiction, however, is not exclusive, and it is competent for the General Assembly to confer concurrent jurisdiction over such matters on city or county, or other courts, but the legislature is not authorized to deny jurisdiction to the superior courts altogether." *Porter v. State of Ga.,* 53 Ga. 236, and citations.

2. Although appellant assigns 12 enumerations of error, only enumeration of error numbered 8 need be considered in deciding this case. The error assigned here is: "The appellant was not subject to rule by the court because the grounds of the alleged contempt did not pertain to matters pending before the court. . ." This enumeration of error is well taken. Although the General Assembly has seen fit to empower the County Court of Atkinson County with concurrent jurisdiction with the superior court to try and punish for misdemeanor offenses, such Act (Ga. L. 1958, p. 3178) does not make it mandatory that all misdemeanor offenses be tried by such court. Prior to the time that a case is filed in such court no jurisdiction attaches. Therefore the court in the

case sub judice had no jurisdiction to require that all such cases be returnable to such court. Accordingly, since the trial court was without jurisdiction of the subject matter the order issued by the trial court holding such officer in contempt was void.

*Judgment reversed. Hall and Deen, JJ., concur.*

SUBMITTED OCTOBER 3, 1966—DECIDED OCTOBER 11, 1966—REHEARING DENIED OCTOBER 27, 1966.

*Sumner & Boatright, J. Laddie Boatright,* for appellant.
*Ben T. Willoughby, Solicitor, Vickers Neugent, Solicitor General,* for appellee.