66660. SAF-T-GREEN OF ATLANTA, INC. v. LAZENBY
SPRINKLER COMPANY, INC.

CARLEY, Judge.

Appellant-plaintiff filed suit against appellee-defendant seeking money damages as the result of the theft of an engine from a piece of construction equipment. The stolen engine was from a scissors lift which was owned by appellant, but which was in appellee's possession when the theft occurred. Following a jury trial, a verdict was returned for appellee and judgment was entered thereon. Appellant appeals from the denial of its motion for judgment notwithstanding the verdict.

Appellant enumerates as error the denial of its motion for a partial directed verdict as to liability. The following evidence was adduced at trial: On February 7, 1980, appellant delivered the scissors lift to appellee at appellee's construction site. Pursuant to the parties' agreement, rent was to be paid to appellant on a monthly basis if, at the completion of a three-day trial period, the scissors lift met with appellee's approval. Upon delivery of the scissors lift, appellee signed a "delivery contract." The delivery contract, dated February 7, 1980, provided that the billing period was to begin February 12, 1980. The contract also provided in part as follows: "You [appellee] agree that you shall be responsible *from the time of signing this contract* for all injury (including death) or damage to persons or property resulting from the use of said equipment . . . *You agree to hold the company* [appellant] *harmless from loss for the value of any equipment rented and/or entrusted to you which you do not return to this company for any reasons whatsoever.*" (Emphasis supplied.)

A sales manager for appellant testified that at the end of the three-day period, he visited appellee's job site and was told that appellee was happy with the equipment. However, appellee's vice-president testified that on or around February 12, 1980, he was contacted by appellant's representative who inquired as to whether the scissors lift was satisfactory. He further testified that on the following day, after checking on the equipment, he contacted appellant's office and informed appellant's sales manager that the scissors lift was not satisfactory, and that it should be replaced with another machine or picked up. Before the scissors lift was removed by

appellant, the engine was stolen.

Appellant asserts that, under the clear and unambiguous terms of the delivery contract, the trial court erred in failing to direct a verdict as to appellee's liability for loss of the stolen engine. Appellee, however, contends that issues of fact existed concerning whether appellee was liable for the stolen engine under the provisions of the contract.

A contractual provision which establishes the standard of care to be exercised by a bailee is valid and enforceable. "At common law in a bailment for the mutual benefit of the parties the bailee is liable only for damages caused by his failure to exercise ordinary care. [Cits.] But a contract enlarging or diminishing the bailee's common law liability will be given effect. [Cits.]" *Howkins v. Atlanta Baggage & Cab Co.,* 107 Ga. App. 38, 43 (2) (129 SE2d 158) (1962). *"In [the] absence of clear contractual provisions to the contrary,* a bailee in a mutual benefit bailment is not an insurer of bailed property." (Emphasis supplied.) *Gillham v. Fed. Express Money Order,* 112 Ga. App. 171, 173 (2a) (144 SE2d 557) (1965).

"The construction of a contract is a question of law for the court . . ." OCGA § 13-2-1 (Code Ann. § 20-701). "[I]f the language used in the contract is plain and capable of only one reasonable interpretation, it is to be accorded its plain and literal meaning. [Cit.]" *U. S. Fidelity &c. Co. v. Gillis,* 164 Ga. App. 278, 281 (296 SE2d 253) (1982). See also *H. R. Kaminsky & Sons, v. Smithwick Constr. Co.,* 147 Ga. App. 147 (248 SE2d 211) (1978). Interpretation of a contract becomes a question for the jury only if the contract is ambiguous and if the ambiguity remains after the application of the rules of construction. *Pisano v. Security Mgt. Co.,* 148 Ga. App. 567 (251 SE2d 798) (1978).

In construing a contract, the intention of the parties must be ascertained. "If that intention is clear, and it contravenes no rule of law, and sufficient words are used to arrive at the intention, it shall be enforced irrespective of all technical or arbitrary rules of construction." OCGA § 13-2-3 (Code Ann. § 20-702). We find no ambiguity in the delivery contract as to appellee's liability. Contrary to appellee's assertions, its liability under the contract was not contingent upon rent being paid for the use of the equipment. Under the clear terms of the delivery contract, the parties agreed that "from the time of signing," appellee was liable for loss or damage to equipment rented *or entrusted* to it.

Because the terms of the delivery contract were clear and unambiguous, the same should have been construed by the court as a matter of law and it was error to deny appellant's motion for a partial directed verdict on the issue of liability. See *Knox Jewelry Co. v.*

*Cincinnati Ins. Co.,* 130 Ga. App. 519, 521 (4) (203 SE2d 739) (1974). *Judgment reversed. Deen, P. J., and Banke, J., concur.*

DECIDED NOVEMBER 29, 1983 —
REHEARING DENIED DECEMBER 8, 1983 —

*Kirby G. Bailey,* for appellant.
*Gary Hill,* for appellee.