A90A1507. DOMINGUEZ v. ENTERPRISE LEASING COMPANY.
(399 SE2d 269)

BIRDSONG, Judge.

Limo Dominguez appeals the grant of summary judgment to Enterprise Leasing Company, for $12,200 damages for the loss by theft of a vehicle he rented from Enterprise Leasing Company.

Appellant Dominguez executed the rental contract and bound himself to pay the rental price. But appellant contends he did so only to convenience his friend Vargas; that Enterprise knew the person really renting the car was Vargas; and that appellant was not involved in Vargas' theft of the car two days later, so that there are factual issues which would limit his liability.

Dominguez also contends the judgment below is void because the judge was appointed by the chief county magistrate judge upon a request for "assistance" made by the superior court chief judge pursuant to OCGA § 15-1-9.1; appellant contends the appointee was in fact filling a vacancy created by the resignation of a superior court judge. The Constitution provides judicial vacancies "shall be filled by appointment of the Governor except as otherwise provided by law in the magistrate, probate, and juvenile courts." Ga. Const., Art. VI, Sec. VII, Par. III; see Art. II, Sec. II, Par. V. Thus, appellant contends the appointee was neither elected nor properly appointed; nor was he appointed under OCGA § 15-1-9.1 (d) (2) which provides that the governor may appoint a temporary interim judge to a vacancy for which he is constitutionally authorized to appoint a judge. *Held*:

1. Although appellant asserts the invalidity of the judgment for the first time on appeal, we shall consider it; if a judgment is void, it is a nullity and may be attacked in any court where it becomes material. OCGA § 9-12-16; *Adams v. Payne*, 219 Ga. 638, 639-640 (135 SE2d 423); *Barrett v. State*, 183 Ga. App. 729 (360 SE2d 400).

To the extent OCGA § 15-1-9.1 (d) (2) provides only that the governor *may* appoint a temporary interim judge until he can fill the superior court vacancy, and to the extent that OCGA § 15-1-9.1 seems to authorize a request by the chief superior court judge for "assistance" even where there is a vacancy on the court, this issue seems controlled by OCGA § 15-1-9.1, as effective on the date of appointment. OCGA § 15-1-9.1 provides that the chief judge of "any court of this state" may make a written request for assistance to the chief judge of "any other court," on a determination of the requesting court that the business of the court requires the temporary assistance of an additional judge or additional judges.

OCGA § 15-1-9.1 (a) (3) provides that " 'Judge' includes Justices, judges, senior judges, magistrates, and every other such judicial officer of whatever name existing or created." This statute permits the mutual appointment of judges by judges to sit in every judicial office in this state, without apparent limitation. It thus seems that if we had not enacted Rule 18 (c) to prevent it, the Georgia Court of Appeals could request a municipal court judge to appoint some physically qualified person to "assist" us in the business of this court, without regard to the constitutional provisions for public election of Court of Appeals judges and for appointment by the governor to fill vacancies. Under the seemingly limitless terms of § 15-1-9.1, even a "judge of the superior court" whom we designate pursuant to our Rule 18 (c) might be a person merely appointed to assist in superior court. And, seemingly any provision that *might* prevent such interjudicial appointments from supplying the judiciary of this state, can be avoided as often and as lengthily as requesting court judges might wish, simply by making these requests for assistance. This unreigned method of administrating the judicial business of a court, and its disaffection of the electors or of parties proceeding in the court, do not seem to be a sagacious result of the desire for judicial "flexibility."

Georgia Const., Art. VI, Sec. I, Par. III provides that a person otherwise qualified "may exercise judicial power in any court upon the request and with the consent of the judges of that court." But this provision plainly does not *authorize legislation* providing for wholesale judicial "assistance." The debates underlying this amendment assert that the legislature has the right to "set up the courts," but the debaters overlooked the plain fact that the provision does not give the *General Assembly* any authority and does not authorize *the legislature* to enact provisions for judicial "assistance."

Formerly, the Constitution provided: "The General Assembly may provide by law for the appointment of some proper person to preside in cases where the presiding judge is from any cause disqualified," (Ga. Const. 1933, Art. VI, Sec. IV, Par. IX); and "In any county within which there is, or hereafter may be, a City Court or a State Court the Judge of such a Court, and the Judge of the Superior Court may preside in the Courts of each other in cases where the judge of either Court is disqualified to preside." Ga. Const. 1933, Art. VI, Sec. IV, Par. X. These provisions were replaced by present Art. VI, Sec. I, Par. III. In this present provision we see no language authorizing *the legislature* to grant broad means of "assistance." We do not doubt the power of the General Assembly to pass laws, but we had the impression that laws which intrude on the judiciary must be authorized by some express constitutional provision; otherwise they violate the principle of separation of powers. Ga. Const., Art. I, Sec. II, Par. III. This seems more true in view of the 1976 amendments (Ga. Const., Art. VI,

Sec. IX, Par. I; Art. VI, Sec. I, Par. V) which authorize the judiciary to set up, by unified rules, the means to administrate court business.

In *Porter v. State of Ga.*, 53 Ga. 236, 238, it was said, "The superior courts have ever in our history been the great reservoir of judicial power — the *aula regis*, as it were — in which the judicial powers of the state were vested, and . . . the practice has been uniform to retain in [the Supreme Court] . . . supervisory power over them. . . . That [such] a policy . . . was intended to be abandoned, *ought to be evidence[d] by plain words, and cannot fairly be deduced from a mere change in a form of expression. . . .*" (Emphasis supplied.) We see no "plain words" authorizing the legislature to intrude upon the power constitutionally given the judiciary to administrate court business.

Since OCGA § 15-1-9.1 has not been held invalid, we are, however, required to find the judgment below not void.

2. On the merits we find no error. The rental contract provided prominently on its face: "REQUEST FOR PERMISSION FOR PERSON OTHER THAN RENTER TO DRIVE. I hereby request owner's permission to allow Vargas Rodriguez (Friend) . . . License No. 148214 (Mexico) to drive the motor vehicle rented hereunder for me and in my behalf. It is understood and agreed that I shall be responsible for his acts while so driving and that he shall be under my exclusive control and direction. . . . I further agree to be entirely responsible for the complete fulfillment of all the terms and conditions of the within rental agreement while he is so acting. x RENTER [Initialed by Dominguez]."

Dominguez signed the document where it avers, "I have read and agree to the terms and conditions on both sides of this agreement." The contract provided: "This contract is the entire agreement between renter and owner. It is agreed that these terms are contractual and cannot be altered by another document or oral agreement." The agreement proves the owner's agent did know and agree that Vargas would be driving the car, but it conclusively provides that Vargas would drive the car as appellant's agent and under his control, and that appellant would indemnify Enterprise for any loss caused by Vargas. Contract provisions enlarging or diminishing a bailee's common law or statutory liability will be given effect; if the contract language is unambiguous, it is given its literal meaning. *Saf-T-Green of Atlanta v. Lazenby Sprinkler Co.*, 169 Ga. App. 249 (312 SE2d 163).

Appellant has not borne his burden on appeal to show that the damages awarded were erroneous, or that his payment of rental was an agreed accord and satisfaction for the entire loss. No material issue of fact remains, and the evidence entitles the plaintiff to judgment as a matter of law. *My Fair Lady of Ga. v. Harris*, 185 Ga. App. 459, 460 (364 SE2d 580).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 20, 1990.

*Gingold, Kaufman & Chaiken, Fredric Chaiken, James Y. Rayis,* for appellant.

*McCrimmon & McCrimmon, Edward W. McCrimmon, Lisa L. McCrimmon,* for appellee.