A97A0116. BMW FINANCIAL SERVICES, N.A., INC. v.
SMOKE RISE CORPORATION et al.
(486 SE2d 629)

POPE, Presiding Judge.

In this action to enforce an excess mileage provision in a motor vehicle lease, the plaintiff lessor appeals from the trial court's denial of its motion for summary judgment. Because there is no question of material fact regarding plaintiff's right to enforce the provision, we granted its application for interlocutory appeal and now reverse.

Defendant Smoke Rise Corporation leased a BMW automobile from plaintiff, and the corporation's president, defendant William Probst, personally guaranteed the lease. The lease, as modified in an extension agreement, provided that at the end of the lease term defendants could purchase the vehicle for $16,863.75, the estimated end-of-term wholesale value of the vehicle. It also provided that if defendants returned the vehicle rather than exercising their option to purchase it, they would have to pay a charge of "up to 15 cents" for each mile the vehicle had been driven in excess of 85,011 miles. Defendants chose not to purchase the vehicle and returned it with an odometer reading of 180,409 miles, but they refused to pay for the excess mileage. Plaintiff seeks $14,309.70, which is 15 cents times 95,398 (the difference between 180,409 and 85,011 miles), plus attorney fees.

In their defense, Smoke Rise and Probst contend the excess mileage provision is unconscionable because the $14,309.70 charge is almost as much as the projected end-of-term value of the car, and is considerably more than their experts say the actual value of the car is with 180,409 miles. Unconscionability is evaluated by looking at the circumstances at the time the contract was originally made, however, and determining whether, in light of the commercial needs of the particular trade involved, the agreement is one which " 'no sane man not acting under a delusion would make and . . . no honest man would take advantage of.' [Cits.]" *R. L. Kimsey Cotton Co. v. Ferguson*, 233 Ga. 962, 966 (3) (214 SE2d 360) (1975); accord *Zepp v. Mayor &c. of Athens*, 180 Ga. App. 72, 79 (2) (348 SE2d 673) (1986). See also OCGA § 11-2A-108. In the context of a corporation leasing a luxury vehicle, an excess mileage charge of 15 cents per mile is not unreasonable and certainly does not shock the conscience. Such a charge serves the necessary commercial function of compensating for out-of-the-ordinary usage which will affect the residual value of the car. If

at the end of the term defendants discovered the excess mileage charge was too high relative to the value of the car, they could have exercised their option to purchase it. But they did not do so, and now they cannot complain about a charge they agreed to pay.

Defendants' argument that the provision is too indefinite to enforce is also without merit. Plaintiff is entitled to anything up to 15 cents per mile, and that includes 15 cents per mile. And the fact that it was willing to take less earlier in the dispute does not undermine its right to 15 cents per mile.

The excess mileage provision is clear and unambiguous and must be enforced as written. See *Saf-T-Green of Atlanta v. Lazenby Sprinkler Co.*, 169 Ga. App. 249, 250 (312 SE2d 163) (1983). Accordingly, the trial court erred in denying plaintiff's motion for summary judgment.

*Judgment reversed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 1, 1997 —
RECONSIDERATION DENIED MAY 15, 1997 — 
 Before Judge Robins.

*Fred J. Hanna, Elizabeth C. Whealler, Jerry C. Tootle, Jr.*, for appellant.

*Ralph S. Goldberg*, for appellees.