## 59887. BARBER v. ATLAS CONCRETE POOLS, INC.

CARLEY, Judge.

Appellant Barber, defendant below, entered into a contract with appellee for the construction of a swimming pool. Almost immediately after appellee began excavation a rock formation was struck and work halted. A second site was chosen and appellee was able to excavate to a depth of approximately five feet before striking rock again. The contract made provision for this event, requiring that appellant would absorb any additional cost plus 20% should rock or other material be encountered which could not be removed other than by drilling or blasting. Because of the rock a pool of the dimensions specified in the instant contract could not be constructed without the extra expenses. In subsequent discussions between appellant and appellee, appellee offered to complete the project as originally contemplated with appellant incurring the additional expense. Appellant also proposed in the alternative that, with no added charges, it would construct the pool without the diving area envisioned by the initial plans. Appellant rejected both proposals and considered the contract to be terminated. Thereafter, a problem arose out of the alleged wrongful detention of appellee's construction equipment by appellant. Appellee filed a complaint which included prayers for injunctive relief and sought damages sustained as a result of alleged breach of contract and wrongful retention of property and punitive damages. Prior to any hearing on the equitable issues, appellant allowed appellee to retrieve its equipment. At trial, only general damages were submitted to the jury and a verdict of $5,000 in favor of appellee was returned. Appellant brings this appeal, asserting two enumerations of error both of which are concerned with the trial court's denial of appellant's motion for directed verdict at the close of the evidence for appellee.

1. Appellant's first enumeration of error urges that the trial court erred in denying his motion for directed verdict based upon the fact that the evidence showed the contract has been terminated, thus, precluding damages for breach of contract. Mutual consent of both parties to a contract is necessary before there can be a rescission. *Central of Ga. R. Co. v. Gortatowsky,* 123 Ga. 366, 375 (51 SE 469) (1905); *Cotterill v. Hopkins,* 180 Ga. 179 (178 SE 444) (1934). While there was ample evidence in the case at bar that appellant considered the contract cancelled or rescinded, there is also some evidence that appellee considered the contract to be binding and enforceable and some evidence that appellant breached the same. "It is the law of this state that evidence strongly supporting but not demanding a particular finding does not warrant a directed verdict. [Cits.]" *Speir*

*v. Williams,* 146 Ga. App. 880 (247 SE2d 549) (1978). Since there was some evidence supporting appellee's contentions as to the existence of a valid contract and as to the subsequent breach thereof by appellant, disputed issues were created and such issues were properly submitted to the jury as the ultimate trior of fact. *Jenkins v. Gulf States Mtg. Co.,* 138 Ga. App. 835 (227 SE2d 522) (1976); *Gwinnett Commercial Bank v. Flake,* 151 Ga. App. 578, 583 (260 SE2d 523) (1979). Thus, appellant's first enumeration is without merit.

2. Appellant also urges that the trial court erred in denying his motion for directed verdict because appellee's evidence of damages was "highly speculative and without firm foundation." Appellant directs this argument to appellee's evidence as to the damages allegedly resulting from the wrongful retention of its equipment. He does not enumerate as error the insufficiency of the evidence to support the amount of the verdict returned by the jury, apparently contending only that a directed verdict should have been granted to him because, under appellee's evidence of its damages, a verdict in any amount would not have been authorized. We do not agree.

"The trial judge has no right whatever to weigh the evidence, nor to decide any issue of fact. Before he can legally direct a verdict for the defendants, he must find from the evidence that there is *no evidence of any kind* supporting plaintiff's position. [Cits.]" *Jenkins v. Gulf States Mtg. Co.,* supra at 837. Appellee's evidence established with reasonable certainty the amount of damages sought, rationally explained the method of computation, and could have been considered by the jury in estimating the extent of injury resulting from the alleged wrongful retention. As there was some evidence of appellee's damages, established with reasonable certainty, it was not error to deny appellant's motion for directed verdict on the ground of lack of proof of appellee's damages. *Appling Motors, Inc. v. Todd,* 143 Ga. App. 644 (239 SE2d 537) (1977). Thus, enumeration 2 is also without merit.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED MAY 12, 1980 — DECIDED JUNE 30, 1980.

*Robert A. Blackwood, III,* for appellant.
*Asa M. Powell, Jr.,* for appellee.