## 61924. RICHARD v. FULTON NATIONAL BANK.

DEEN, Presiding Judge.

Fulton National Bank brought suit against Hermine Richard for $3,518.36 plus interest and attorney fees for a deficiency arising out of the sale of an automobile in which it held the security interest. Appellant's former husband had purchased the vehicle, signed a conditional sales contract and she had signed as an endorser. As Mr. Richard's obligation to the bank was discharged in bankruptcy and he had surrendered possession of the 1977 Dodge van to the bank, notice of repossession and sale was given to appellant. She was notified that she had the right to demand a public sale of the collateral if she so desired. She did not make such a demand. After receiving the vehicle, the bank used the National Automobile Dealers Association book to determine that it was valued somewhere between $3,600 to $4,000. After assessing the condition of the vehicle, mileage, the fact that a rear window was missing, considering current market demand for such a vehicle, and adding certain extras, the adjuster for the recovery and collection unit of the bank placed a value of $3,750 on the vehicle. The van was then taken to Atlanta Auto Auction, an auction which is advertised widely and attracts dealers from all over continental United States, and was sold to the highest bidder for $3,400. On appeal, Mrs. Richard contends that the trial court erred in denying her motion to vacate and modify the judgment of $3,018.36 plus interest and attorney fees in favor of the bank. She claims that the jury verdict for an amount less than the amount sued upon was a finding that the sale was not conducted in a commercially reasonable manner. *Held:*

The record shows that the first verdict returned by the jury was for $3,518.36 plus attorney fees. The court instructed the jury that the bank was also entitled to interest and asked the jury if it wished to consider the case further. It indicated that it wished further time for deliberation. When it returned the second time, it had reduced the principal amount to $3,018.36 and awarded both interest and attorney fees. No objection was made to the trial court's recharge of the jury.

The court charged the jury on the relevant provisions of Code Ann. § 109A-9—504 (3) and § 109A-9—507 (2) which pertain to the secured party's rights in the collateral after default including the right of sale which must be conducted in a commercially reasonable manner and the codal definition of what constitutes a commercially reasonable manner. No objection was made to the charge.

Where the commercial reasonableness of a sale is challenged by the debtor, the party holding the security interest has the burden of

proving that the terms of the sale were commercially reasonable and that the resale price was the fair and reasonable value of the collateral. The secured party must also prove the value of the collateral at the time of repossession and that the value of the goods does not equal the value of the debt. If this proof is not forthcoming, it is presumed that the value of the goods is equal to the amount of the debt. *Granite Equip. Leasing Corp. v. Marine Dev. Corp.,* 139 Ga. App. 778 (230 SE2d 43) (1976). "[A] creditor who fails to prove that notice of sale was given the debtor (where required) or fails to prove that the disposition (sale), including its method, manner, time, place and terms, was commercially reasonable, is barred from obtaining a deficiency judgment, [cit.] except where the sole defect is the adequacy of the sale price, in which event the creditor is not barred from recovery but must overcome the presumption that the value of the collateral equals the debt on it [cits]. This presumption is overcome by proving the fair and reasonable value of the collateral, whereupon the creditor is entitled to a deficiency judgment in the amount of the debt (plus or minus any payments or charges properly applicable to the disposition) less the fair and reasonable value of the collateral proved by the creditor (if the resale price is less than the fair and reasonable value proved)." *Farmers Bank v. Hubbard,* 247 Ga. 431 (276 SE2d 622) (1981).

After reviewing the evidence, we find that there is nothing to support the allegation that the jury found that the sale was not conducted in a commercially reasonable manner. Under the holding in *Farmers Bank,* supra, the inadequacy of the sale price is not a bar to recovery of a deficiency if the creditor can overcome the presumption that the value of the collateral equals the amount of the debt. The bank, in fact, met its burden of establishing that the sale was commercially reasonable in all respects. The sale price was between $350 to $600 less than the fair market value of the vehicle depending upon whether computation is made according to the highest value in the NADA book or the testimony of the expert witness. In view of Code Ann. § 109A-9—507 (2), which will not permit a sale to be found commercially unreasonable simply because a better price could be obtained at a sale at a different time or in a different method from that selected by the creditor, we cannot find that the sale price was insufficient as a matter of law. See *Ace Parts & Distributors v. First Nat. Bank,* 146 Ga. App. 4 (245 SE2d 314) (1978). It seems that in the present case, the jury made its own determination of the fair market value of the van and from that calculation determined the amount of the deficiency. Under the holding in *Farmers Bank,* supra, we cannot find that they were in error although there was no jury instruction which would permit them to reach such a result. Regardless of what

the jury did or did not do, a verdict was demanded for the bank and the fact that the jury brought back a verdict for a lesser amount in no way harmed appellant.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MAY 20, 1981.

*Larry K. Janney,* for appellant.
*Mark L. Golder,* for appellee.