## 62022. WALNUT EQUIPMENT LEASING COMPANY, INC. v. WILLIAMS.

SOGNIER, Judge.

Appellee Williams was in the business of selling business equipment. One of his customers, Duffy, was interested in leasing a photocopier. Williams arranged a lease agreement between appellant Walnut Equipment Leasing Company, Inc. (Walnut) and Duffy. Appellee sold the photocopier to Walnut who, in turn, leased it to Duffy. The photocopier was delivered to Duffy by Williams; any service needed on the machine was done by Williams.

Duffy became dissatisfied with the copier and terminated the lease. In a separate suit Walnut sued Duffy on the lease agreement. Duffy defended, inter alia, on the ground that Williams, as agent for Walnut, had told Duffy that he could terminate the lease. The trial court found in favor of the defendant Duffy in that suit.

Walnut then initiated this suit against Williams alleging that appellee acted without authority in telling Duffy to terminate the lease with Walnut and thereby wrongfully interfered with the lease agreement. Appellant seeks to recover the balance due on the lease from appellee. The jury found in favor of Williams and Walnut appeals.

1. Appellant contends that the trial court erred in failing to direct a verdict in its favor. The evidence was in conflict as to whether Williams had any authority, apparent or otherwise, to terminate the lease and as to whether he actually authorized the termination of the lease. While appellee's evidence was weak, the jury found in his favor. Even where evidence strongly supports but does not demand a particular finding, a directed verdict is not warranted. *E-Z Go Car*

*Div. v. Kuhlke Const. Co.,* 141 Ga. App. 711 (234 SE2d 339) (1977); *Speir v. Williams,* 146 Ga. App. 880 (247 SE2d 549) (1978).

2. Appellant also contends that the trial court erred in excluding evidence of Williams' prior inconsistent statements for the purpose of impeachment. Walnut sought to show that Williams had testified previously in the suit against Duffy that he (Williams) was a commissioned agent of Walnut. Williams, on cross-examination, had denied such testimony in the prior trial. Walnut questioned a witness who had been present at the earlier trial as follows: "Do you recall testimony, Mr. Ostroff, in the Floyd County trial by Mr. Williams inconsistent with his testimony today with regard to his relationship . . . business relationship with Walnut Equipment?" The trial court ruled that the question be stricken because the witness was not entitled to determine whether the statements made by Williams were inconsistent. Such testimony would be a conclusion with regard to the credibility of Williams' testimony. The credibility of a witness is a matter to be determined by the jury under proper instructions from the court. Code Ann. § 38-1805. The credibility of statements made by Williams was to be determined by the jury, not by the opinion of a witness who can only testify as to prior statements made or not made. See *Rini v. State,* 235 Ga. 60, 67 (218 SE2d 811) (1975). The trial court was correct in striking the question. Appellant's enumeration of error is without merit.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 23, 1981.

*James Cifelli,* for appellant.
*Timothy A. McCreary,* for appellee.