## 66208. GIDDENS v. BO LOVEIN FORD, INC.

SOGNIER, Judge.

Bo Lovein Ford, Inc., appellee, sued Douglas Giddens, appellant, to obtain a deficiency judgment following the repossession and resale of a tractor trailer truck for less than the amount of the debt remaining on an installment sales contract. The jury returned a verdict for appellee in the amount of $1,475. Giddens appeals.

1. Appellant claims, inter alia, that the trial court erred in denying his motion for a directed verdict because the disposition of the truck was not carried out in a commercially reasonable manner. Specifically, appellant contends that appellee failed to prove the fair and reasonable value of the collateral at the time of repossession. OCGA § 11-9-504 (3) (Code Ann. § 109A-9—504) requires that the disposition of collateral after default be commercially reasonable. *Hubbard v. Farmers Bank,* 155 Ga. App. 720 (272 SE2d 510) (1980), affirmed, *Farmers Bank v. Hubbard,* 247 Ga. 431 (276 SE2d 622) (1981). "Where the commercial reasonableness of a sale is challenged by the debtor, the party holding the security interest has the burden of proving that the terms of the sale were commercially reasonable and that the resale price was the fair and reasonable value of the

collateral. The secured party must also prove the value of the collateral at the time of repossession and that the value of the goods does not equal the value of the debt. If this proof is not forthcoming, it is presumed that the value of the goods is equal to the amount of the debt. *Granite Equip. Leasing Corp. v. Marine Dev. Corp.,* 139 Ga. App. 778 (230 SE2d 43) (1976)." *Richard v. Fulton Nat. Bank,* 158 Ga. App. 595-596 (281 SE2d 338) (1981).

Appellee did not introduce any evidence of the fair and reasonable value of the collateral in order to overcome the presumption that the value of the collateral equaled the amount of the debt. Thus, appellee failed to establish that the disposition of the collateral was commercially reasonable and it follows that no deficiency judgment can be obtained. *Farmers Bank v. Hubbard,* supra at 436-437. Accordingly, appellant's motion for a directed verdict was meritorious and the trial court erred by denying the motion. See *BVA Credit Corp. v. May,* 152 Ga. App. 733 (264 SE2d 32) (1979). The trial court is hereby directed to enter judgment below in accordance with this holding. OCGA § 9-11-50 (e) (Code Ann. § 81A-150).

2. Appellant contends that the trial court erred by failing to direct a verdict in his favor on his three counterclaims. Appellant's first two counterclaims are without merit because the transaction here was for business purposes and both the Truth in Lending Act, 15 USCA § 1601 et seq., and the damages provision under OCGA § 11-9-507 (1) (Code Ann. § 109A-9—507) apply solely to consumer transactions. In his third counterclaim appellant sought a setoff in the amount of the finance and collection charges which he contends were forfeited pursuant to OCGA § 10-1-38 (b) (Code Ann. § 96-1008) due to appellee's violation of OCGA § 10-1-33 (Code Ann. § 96-1004). Although the evidence might have authorized a jury verdict in appellant's favor, it did not demand one. Therefore, the trial court did not err in denying appellant's motion for a directed verdict on this counterclaim. *Walnut Equip. Leasing Co. v. Williams,* 159 Ga. App. 679 (1) (285 SE2d 54) (1981).

*Judgment affirmed in part; reversed in part. Quillian, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1983.

*Berrien L. Sutton,* for appellant.
*Mitchell O. Moore,* for appellee.