66720. WHITE v. FIRST GEORGIA BANK.

DEEN, Presiding Judge.

White purchased a 1980 Toyota Celica from Bill Spreen Toyota by executing an installment sales contract. Two months later he defaulted on the note and the automobile was repossessed by First Georgia Bank and sold for $5,300, leaving a deficiency of $1,930.86.

First Georgia sued White for the deficiency and, after White answered, moved for summary judgment which was granted. White appeals, contending that the bank failed to carry its burden of proof that the sale of the collateral was done in a commercially reasonable manner pursuant to OCGA § 11-9-504 (Code Ann. § 109A-9—504). *Held:*

The bank presented two appraisals of the automobile itself and the value of such a vehicle in the current Black Book, Official Used Car Guide, Georgia Edition for June, 1980. One appraisal in the amount of $5,300 was prepared by Salvage Disposal Company and signed by the appraiser. The second appraisal, also for $5,300, was made by an adjuster from the bank's recovery and collection department. The Black Book value for a "very clean" automobile of the same make, model and year as the one sold, during the month and year it was sold, was $5,400. Under the standards set forth in *Richard v. Fulton Nat. Bank,* 158 Ga. App. 595 (281 SE2d 338) (1981) and *Farmers Bank v. Hubbard,* 247 Ga. 431 (276 SE2d 622) (1981), there is no merit in the allegation that the sale was not conducted in a reasonably commercial manner. Compare *First Nat. Bank v. Rivercliff Hardware,* 161 Ga. App. 259 (287 SE2d 701) (1982).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED SEPTEMBER 8, 1983.

*Samuel H. Harrison,* for appellant.
*Peter R. Roberts, Kathy L. Kushner,* for appellee.