## 68895. MANSOUR v. McWILLIAMS et al.
### (323 SE2d 262)

DEEN, Presiding Judge.

Appellant Mary Catherine Mansour was attempting to make a left turn from a Stone Mountain Memorial Park parking lot into a main road traversing the park when her automobile was struck broadside by an automobile operated by appellee McWilliams, who was driving along the main road. Mansour testified that she had looked in both directions before attempting to exit from the parking lot and had seen no vehicles approaching. She further testified that she had proceeded into the roadway in response to the hand signal and vocal urging of appellee Honaker, a park maintenance man who, in attempting to facilitate the moving of a piece of park equipment, had run into the middle of the congested intersection of the road with the parking lot entrance and had begun to direct traffic.

Ms. Mansour testified that she had inferred from the immediate circumstances that Honaker was a park employee and therefore felt constrained to obey his directions. She also testified, however, that she did not obey his direction to enter the road until she had visually verified that it was safe to do so. She testified that she had first seen McWilliams' car out of the corner of her eye only a "split second" before the impact and that her estimate of McWilliams' speed (35 miles per hour) was based on the impact of the two vehicles.

McWilliams testified that he was driving at or below the posted limit of 25 miles per hour; that he had the right-of-way (no stop signs or other warning signals were present on the road); that visibility was clear; that he had not been using alcohol or other drugs; that he did not see Honaker until after the collision had occurred; that when he came over the rise about twenty feet from the parking lot entrance, he saw appellant's car stationary at a stop sign and at a right angle to

the road; and that he was only about five feet from the parking lot entrance when appellant's car pulled out into the road. McWilliams further testified that he applied his brakes immediately but "ran out of pavement" and hit the other vehicle.

Appellant filed a negligence action against McWilliams, Honaker, and Stone Mountain Memorial Park, naming the three as joint tortfeasors and seeking compensation for damage to her vehicle and for loss of its use, together with costs. The court granted appellees' motions for directed verdicts, and Mansour appeals, enumerating as error the trial court's directing a verdict for McWilliams on the ground that no acts of negligence were proven against him; directing a verdict for Honaker and Stone Mountain Memorial Park on the ground that Mansour had failed to prove any duty or breach thereof on appellees' part; and directing a verdict in the face of a sufficiency of evidence to support her contentions. *Held*:

1. "If there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." OCGA § 9-11-50 (a). The key word in the cited statutory provision is "demands": it is insufficient that the evidence merely support a verdict in favor of the moving party, *Walnut Equip. Leasing Co. v. Williams*, 159 Ga. App. 679 (285 SE2d 54) (1981); *Sugrue v. Flint Elec. Membership Corp.*, 155 Ga. App. 481 (270 SE2d 921) (1980), or even that the evidence preponderate in his favor. *Cook v. Sheats*, 222 Ga. 70 (148 SE2d 382) (1966); *Findley v. McDaniel*, 158 Ga. App. 445 (280 SE2d 858) (1981). A verdict should not be directed unless there is no genuine issue of material fact or unless the proven facts, viewed in the light of every legal theory possible in a given fact pattern, can sustain no other finding. *Tift v. Gulf Oil Corp.*, 223 Ga. 83 (153 SE2d 702) (1967); *Bodge v. Salesworld*, 154 Ga. App. 65 (267 SE2d 505) (1980).

On a motion for directed verdict, the trial judge may not weigh the evidence or decide any issue of fact, but in order to direct a verdict must find that there is no evidence at all supporting the opposing party's position. *Parsons, Brinckerhoff &c. v. Johnson*, 161 Ga. App. 634 (288 SE2d 320) (1982); *Barber v. Atlas Concrete Pools*, 155 Ga. App. 118 (270 SE2d 471) (1980). Only where reasonable persons may not differ as to the inferences that are to be drawn from the evidence is it proper for the trial judge to withhold the case from the jury. *Brown v. Truluck*, 239 Ga. 105 (236 SE2d 60) (1977); *Plough Broadcasting Co. v. Dobbs*, 163 Ga. App. 264 (293 SE2d 526) (1982). This is truly *a fortiori* when there are present in the case questions of negligence, diligence, contributory negligence, and proximate cause, all of which are peculiarly matters for the jury. *Cowart v. Five Star Mobile Homes*, 161 Ga. App. 278 (291 SE2d 13) (1982); *Eyster v. Borg-*

*Warner Corp.*, 131 Ga. App. 702 (206 SE2d 668) (1974).

In the instant case there were genuine issues of fact regarding such material questions as the speed at which appellee McWilliams was traveling; whether or not he kept a proper lookout; whether appellee Honaker breached any duty of care owed to the public in general and the appellant in particular when he volunteered to direct traffic; whether he was acting within the scope of his duties as a park employee; whether appellant relied on Honaker's direction and, if so, whether such reliance proximately caused the collision; and whether there was contributory negligence on appellant's part. The presence of conflicts in the testimony does not alone necessarily preclude the direction of a verdict. *Hawkins v. Greenberg*, 159 Ga. App. 302 (283 SE2d 301) (1981). The evidence, however, must ordinarily be construed most strongly for the non-movant, *Kalish v. King Cabinet Co.*, 140 Ga. App. 345 (232 SE2d 86) (1976); and even though appellant's evidence may be far from conclusive, the trial court is not authorized to direct a verdict against her merely because appellees' evidence appears to be stronger or of greater weight. *Cook v. Sheats*, supra; *Findley v. McDaniel*, supra. Such questions of fact as exist in the case *sub judice* pertain to material issues which require jury resolution. The trial court therefore erred in directing verdicts for appellees.

2. In light of our holding in Division 1, supra, we need not address appellant's third enumeration of error.

*Judgment reversed. McMurray, C. J., and Sognier, J., concur.*

DECIDED OCTOBER 15, 1984.

*H. Michael Dever*, for appellant.

*Royce F. Morris, Sam S. Harben, Jr., Jack S. Davidson*, for appellees.