## 77133. CUSTOM COATING, INC. v. PARSONS.
### (373 SE2d 291)

DEEN, Presiding Judge.

Appellant Custom Coating, Inc., was in the business of applying backing to carpet produced and sold by, *inter alia*, appellee Parsons, d/b/a Carpet Tones. Parsons' bills for the application of the backing not having been timely paid for several months in 1986, Custom Coating sued on account for an amount in excess of $4,000.

Parsons disputed the amount allegedly due and counterclaimed in an amount in excess of $13,000 for work allegedly improperly performed; for accounts allegedly collected by appellant on appellee's be-

half but not passed on to appellee; and for damage to and/or disappearance of a number of rolls of carpet stored in appellant's warehouse awaiting the application of backing. A Murray County jury awarded appellee some $9,000, an amount representing the difference between the amount allegedly due appellant on account and that allegedly due on appellee's counterclaim. Custom Coating appeals, enumerating as error the denial of its motions for directed verdict on the account balance and on appellee's claim that appellant was supposed to have (but did not) collected on three certain accounts and turned the proceeds over to appellee; and also the denial of appellant's motion for judgment notwithstanding the verdict on the amount awarded, alleging that no set-off was made. Also enumerated as error is the trial court's jury instruction on the duties of bailor and bailee. *Held*:

1. OCGA § 9-11-50 (a) provides, in pertinent part: "If there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." The test is not merely that the evidence supports a verdict for the moving party, but that it demands it. *Jenkins v. Gulf States Mtg. Co.*, 138 Ga. App. 835 (227 SE2d 522) (1976); *Barber v. Atlas Concrete Pools*, 155 Ga. App. 118 (270 SE2d 471) (1980). There were material conflicts in the evidence in the instant case, and the criteria for the award of directed verdicts were therefore not met. The trial court did not err in denying the motions.

2. The standards for granting a directed verdict and a judgment notwithstanding the verdict are the same. OCGA § 9-11-50 (b); *Pendley v. Pendley*, 251 Ga. 30 (302 SE2d 554) (1983). This enumeration is without merit.

3. The challenged jury instruction comports word for word with OCGA § 44-12-44 and with the standard instruction appearing at p. 39 of Suggested Pattern Jury Instructions, I (2d ed.), Council of Superior Court Judges of Ga. (Civil Cases), 1984. This enumeration, too, is without merit.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED SEPTEMBER 21, 1988.

*Henry C. Tharpe, Jr.*, for appellant.
*William W. Keith III*, for appellee.