## 77928. BROWN v. WILLIAMS.
(381 SE2d 308)

POPE, Judge.

Appellant Brown brought this action for negligence against appellee Williams for injuries Brown received while riding in appellee's boat on Lake Lanier. The case was tried before a jury, who returned a verdict in favor of appellee Williams.

Appellant argues that the trial court erred in charging the jury on the concept of avoidance of consequences pursuant to OCGA § 51-11-7. The court charged from the pattern jury instructions as follows: "Now, if the Plaintiff, by the exercise of ordinary care, could have avoided the consequences to himself caused by the Defendant's negligence, the Plaintiff is not entitled to recover. In other cases, the Defendant is not relieved even though the Plaintiff may in some way have contributed to the injury sustained. However, the Plaintiff's duty to exercise ordinary care to avoid the consequences of the Defendant's negligence does not arise until the Defendant's negligence exists; and the Plaintiff knew, or in the exercise of ordinary care should have known, of such negligence." (Indention omitted.)

Appellant does not quarrel with the language of the charge, but rather argues that there was no evidence to support it. In support of this position, appellant advances two arguments. First, he argues because appellee did not present any evidence he failed to carry his burden of proof regarding the affirmative defense of avoidance of consequences. There is no merit to this argument.

"The phrase 'burden of proof' is ambiguous; it is used indiscriminately to refer either to the burden of persuasion or to the burden of producing evidence." W. Agnor, Agnor's Ga. Evidence, § 17-1 at 449 (2d ed. 1986). "The burden of persuasion is the duty of establishing the issues in the case as laid or the ultimate risk of jury doubt. The burden of producing evidence is the duty of going forward with the presentation of evidence or of making a prima facie case." Id. § 17-2

at 450.

"It should be noted that a party who fails to introduce sufficient evidence to carry the burden of producing evidence does not necessarily incur an adverse ruling, and the case may be allowed to go to the jury. Furthermore, the evidence introduced by both sides up to that point is to be considered in determining the sufficiency of the evidence at any given point of time during the proceedings, and the whole of the evidence introduced at the trial will be considered when the question comes before the appellate court. The plaintiff's evidence may help to make out the defendant's defense or to disprove the plaintiff's case, and the defendant's evidence may likewise help to prove the plaintiff's case." Green, Ga. Law of Evidence, § 22 at 58 (3d ed. 1988).

The evidence at trial showed that appellant, appellee and their wives were together in appellee's inboard motor boat. Appellant was seated in the bow of the boat, with appellee driving and the other passengers seated at the stern. The boat proceeded slowly, about 4 or 5 miles per hour for fifteen to twenty minutes. Appellant testified that the lake was full of boats traveling in all directions and that the water was very rough. At his wife's insistent urging, appellee increased the speed of the boat to about 15 miles per hour. Appellant was aware of the increased speed and testified they proceeded that way for a few minutes before the accident. Appellant was injured when the boat struck a large wake at the increased speed and appellant was tossed up and landed violently breaking his back. None of the others in the boat were injured. Appellant could not remember if he had been holding onto the rail next to the seat. Appellee, called by appellant for cross-examination, admitted that the increased speed was a mistake, and that had he been going slower, the accident probably would not have occurred.

From this appellant argues that not only does the evidence not support a charge on avoidance of consequences, but that appellant should have been granted a directed verdict of liability. We cannot agree with either argument. "Questions of negligence are peculiarly for the jury. It is rare that the court can say as a matter of law that a given state of facts demands a finding that the person was guilty of such negligence as would authorize a recovery of damages against him, or of such negligence as would defeat a recovery of damages on account of negligence of another person." *Collins v. Augusta-Aiken R.&c. Corp.*, 13 Ga. App. 124, 128 (78 SE 944) (1913).

Appellant's theory is that appellee was operating the boat too fast for conditions, and thus was negligent. In effect, appellee admitted this at trial, but then set up the defense of avoidance from testimony produced during appellant's case — appellant was aware of the rough water, the speed of the boat, and the heavy traffic, yet did

nothing to anchor himself more securely, or to move to a more stable area of the boat. This was a matter to be resolved by the jury. The charge on avoidance was proper. *Stroud v. Woodruff*, 183 Ga. App. 628 (2) (359 SE2d 680) (1987). The case of *Carrandi v. Sanders*, 188 Ga. App. 562 (373 SE2d 661) (1988), is clearly distinguishable. There, plaintiff was driving a car within the speed limit in her lane, when defendant drove directly into her path causing injury. In that case, defendant's act of negligence and the consequences were nearly simultaneous. In the present case, there is evidence of several minutes between appellee's admitted mistake of driving the boat too fast for conditions and the collision with the wake resulting in appellant's injuries. The evidence was sufficient to authorize the court's charge and the jury's verdict.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED MARCH 13, 1989 —
REHEARING DENIED MARCH 29, 1989 — 

*Norton, Pennington, Goetz, Cronkright & Prior, Charles M. Goetz, Jr.*, for appellant.

*Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley, David A. Sapp*, for appellee.