A90A1167. ERVIN v. ARNOLD.
(399 SE2d 548)

SOGNIER, Judge.

Theresa M. Ervin instituted an action against James R. Arnold, d/b/a Arnold Grading, to obtain a deficiency judgment following the repossession and sale of certain heavy equipment pledged as collateral for a loan. Arnold answered, alleging that Ervin had failed to comply with statutory notice requirements and had failed to dispose of the collateral in a commercially reasonable manner and accordingly was not entitled to recover. The case was tried before a jury and, after the close of evidence, the trial court granted Arnold's motion for a directed verdict. Ervin appeals.

The evidence showed that appellee was a friend of appellant's daughter. When he sought to start a grading business, appellant borrowed money herself and lent it to appellee. On January 31, 1986, appellee executed a promissory note in the amount of $59,706.37. The parties also entered into an agreement whereby the note was secured by certain heavy equipment purchased by appellee for use in the business. The equipment consisted of a 1975 Ford tractor, a 1942 Dorsey low-boy trailer, and a Caterpillar Crawler front-end loader. In November 1987, appellee ceased doing business as Arnold Grading, stopped making payments on the loan, and abandoned the equipment without informing appellant of its whereabouts. Sometime late in February 1988, appellant located the collateral which, after notifying appellee, she sold at private sale for a total of $25,000. After unsuccessful attempts to recover the deficiency balance, appellant instituted this suit.

1. Appellant first contends the trial court erred by directing a verdict for appellee based on its finding that appellee was not given proper notice of the sale. Appellant argues that the notice sent complies with the applicable statutory requirements. Although evidence established that the tractor and trailer, being "vehicles operated over the public highways and streets of this state and propelled by power other than muscular power," see OCGA § 10-1-31 (a) (4), are "motor vehicles" within the meaning of the Motor Vehicle Sales Finance Act, OCGA § 10-1-30 et seq., and that the notice sent by appellant was not sent within ten days after repossession and did not specifically inform

appellee of his right to redeem the collateral, both of which are required by OCGA § 10-1-36, compliance with OCGA § 10-1-36 was not required in disposing of this equipment because appellant is not engaged in the business of selling motor vehicles to retail buyers in retail installment actions, OCGA § 10-1-31 (a) (10), and thus was not subject to the notice requirements of OCGA § 10-1-36. The repossession at issue here was governed only by the UCC provision, OCGA § 11-9-504 (3).

In *Emmons v. Burkett*, 256 Ga. 855 (353 SE2d 908) (1987) the Supreme Court abolished the "absolute bar" rule of *Gurwitch v. Luxurest Furn. Mfg. Co.*, 233 Ga. 934 (214 SE2d 373) (1975). Instead, the Supreme Court extended to all deficiency suits under the UCC in which adequacy of the notice or commercial reasonability of the sale is involved the "rebuttable presumption" rule, which was first set forth in Georgia for "adequacy of sale price" cases in *Farmers Bank v. Hubbard*, 247 Ga. 431 (276 SE2d 622) (1981). The notice sent by appellant complied with the requirements of OCGA § 11-9-504 (3), which governed here, and accordingly we agree with appellant that the trial court erred by granting a directed verdict to appellee based on its finding that the notice was insufficient.

2. Assuming, without deciding, that the sale was commercially unreasonable, appellant was not absolutely barred from pursuing a deficiency. Rather, under *Emmons*, supra, a presumption was raised that the value of the collateral sold was equal to the debt, requiring appellant to overcome that presumption by presenting evidence that the loader's value was less than the debt in order to recover any balance. Appellant contends the trial court erred by finding that she did not do so.

We reverse. While it is true that proof of the sale price is not sufficient to overcome the presumption against the creditor, see *Zohbe v. First Nat. Bank*, 162 Ga. App. 604, 605 (292 SE2d 444) (1982), in the case sub judice, appellant presented evidence consisting of far more than a simple recitation of the sale price. *Giddens v. Bo Lovein Ford*, 167 Ga. App. 699 (1) (307 SE2d 271) (1983), cited by the dissent, is inapposite here because in *Giddens* "[a]ppellee did not introduce *any* evidence of the fair and reasonable value of the collateral in order to overcome the presumption," id. at 700 (1), (emphasis supplied), and accordingly, this court found that a directed verdict should have been granted in the debtor's favor.

Appellant testified that appellee abandoned the equipment without notifying her of its location, and stopped making payments. Appellee's last payment was in October 1987, and the abandoned equipment was not located by appellant until February 1988. She testified that the equipment was in poor condition when it was found. The loader was not operable — the battery was dead, the starter switches

and reset buttons did not work, the bucket was cracked, belts were loose, cable harnessing was faulty and wiring needed replacing, cover plates and engine covers were missing, the idler roller needed replacement — and it was dirty and shabby. Appellant expended time and her own effort cleaning and repairing the equipment and moving it to a secure location. She then obtained bids from four people, knowledgeable as to the value of such equipment, including a neighbor who has a large farm in South Georgia, the owner of a fencing business, an electronic engineer, and the owner of a large lumber business who had experience with heavy equipment. Their bids ranged from $18,000 to $22,500, and the loader was sold to the highest bidder.

Although bids cannot be *equated* with considered opinions as to value, they generally do reflect the bidder's opinion as to the value of the item, by indicating that the bidder believes the item is worth *at least* that amount, and thus are indicative of at least a general range of value. Appellant testified that she sought bids from people who handled this sort of equipment all the time, and relied on their bids to bring a fair price. She testified she did everything she could to get the most money for the equipment.

Appellant is not a commercial seller or lender, but an individual who herself obtained a bank loan against her personal savings in order to help out appellee, and she made extraordinary efforts to obtain the best price for the equipment after appellee abandoned it and refused to disclose its location. We find appellant's evidence was sufficient to overcome the presumption that the value of the collateral was equal to the amount of the debt, and the trial court erred by granting a directed verdict in favor of appellee. See generally *Ace Parts &c. v. First Nat. Bank*, 146 Ga. App., 4, 5-6 (2) (245 SE2d 314) (1978). The issue of the deficiency balance should have gone to the jury.

3. Our holdings in Divisions 1 and 2 render it unnecessary that we address appellant's remaining enumerations of error.

*Judgment reversed and case remanded. Carley, C. J., Deen, P. J., Banke, P. J., Birdsong, Pope and Beasley, JJ., concur. Mc-Murray, P. J., and Cooper, J., dissent.*

McMurray, Presiding Judge, dissenting.

I must respectfully dissent as I would hold that the trial court was eminently correct in granting appellee Arnold's motion for directed verdict and should be affirmed. Further, the majority overlooked the issue of whether the evidence was sufficient to overcome the presumption that the value of the tractor and trailer is equal to the debt.

"OCGA § 11-9-504 (3) (Code Ann. § 109A-9-504) requires that the disposition of collateral after default be commercially reasonable. *Hubbard v. Farmers Bank*, 155 Ga. App. 720 (272 SE2d 510) (1980),

affirmed, *Farmers Bank[, Union Point, Georgia] v. Hubbard*, 247 Ga. 431 (276 SE2d 622) (1981). 'Where the commercial reasonableness of a sale is challenged by the debtor, the party holding the security interest has the burden of proving that the terms of the sale were commercially reasonable and that the resale price was the fair and reasonable value of the collateral. The secured party must also prove the value of the collateral at the time of repossession and that the value of the goods does not equal the value of the debt. If this proof is not forthcoming, it is presumed that the value of the goods is equal to the amount of the debt. *Granite Equip. Leasing Corp. v. Marine Dev. Corp.*, 139 Ga. App. 778 (230 SE2d 43) (1976).' *Richard v. Fulton Nat. Bank*, 158 Ga. App. 595-596 (281 SE2d 338) (1981)." *Giddens v. Bo Lovein Ford*, 167 Ga. App. 699 (1) (307 SE2d 271).

In the case sub judice, the evidence showed that the collateral brought substantially less than the underlying debt. However, other than the sales price, *the only evidence of the front end loader's value was testimony that the equipment was in poor condition at the time of repossession and Ervin's testimony that four bids*, ranging from $18,000 to $22,500, *were made for the loader and that the loader was sold to the highest bidder.*[1] The only evidence as to the value of the tractor and trailer was that the equipment was in poor condition at the time of repossession and that the sole bid of $2,500 was accepted for both the tractor and the trailer. It is my view that this is insufficient evidence to authorize a finding of fair and reasonable value in order to overcome the presumption that the collateral equaled the value of the debt.

" 'In establishing that the disposition was reasonable, the seller must affirmatively show that the resale price was the fair and reasonable value of the collateral. Failure to prove that the resale price was the reasonable value of the collateral at the time of repossession and that the value of the collateral did not equal the value of the debt results in a presumption that the resale price equaled the debt. *Richard v. Fulton Nat. Bank*, 158 Ga. App. 595 (281 SE2d 338) (1981); *Granite Equip. Leasing Corp. v. Marine Dev. Corp.*, 139 Ga. App. 778 (1) (230 SE2d 43) (1976). . . . In *Zohbe v. First Nat. Bank, Cobb County,* 162 Ga. App. 604 (1) (292 SE2d 444) (1982), *the creditor presented testimony that three bids were taken on the repossessed*

---

[1] Ervin marketed the front-end loader by "word of mouth." She received a bid from Larry Casey, the owner of "a big farm in Covington with the business of fencing . . . farmland." Mr. Casey learned of the sale after he "overheard [Ervin] talking about the equipment at . . ." the parts store. Ervin also received a bid from the father of her daughter's classmate. He "is in the real estate building business." Ervin's neighbor, "an electronic engineer professionally," also offered to buy the front-end loader. He has "a farm in South Georgia and . . . deals a lot with [such] equipment through [a] lumber company in Fort Gaines." Finally, a "friend" of Ervin's mechanic called in a bid on the loader.

*property and that the highest bid was accepted. This was the only evidence offered by the creditor regarding value. The court in Zohbe reversed the trial court's directed verdict in favor of the creditor holding*: "Proof of the price brought at public sale is not sufficient to overcome the presumption against the creditor that the value of the collateral equals the debt on it. Foreclosure sales are forced sales and notoriously fail to bring the true market price of the article. Cost alone is never proof of market value. (Cit.)" *Zohbe*, supra at 605.' *Harrison v. Massey-Ferguson Credit Corp.*, 175 Ga. App. 752, 753-754 (334 SE2d 352) (1985)." (Emphasis supplied.) *Walker v. Modnar Corp.*, 194 Ga. App. 68, 69 (389 SE2d 558).

In the case sub judice, the majority places great weight on evidence regarding the poor condition of the equipment at the time of repossession. However, it is my view that the condition of this equipment at the time of repossession is irrelevant since there was no evidence showing that the condition of the equipment substantially diminished its value. (The undisputed evidence shows that Arnold purchased the equipment "used" about two years before repossession, paying $32,400 for the loader, $5,500 for the trailer and $6,000 for the tractor. There is no evidence showing the condition of the equipment when Arnold purchased it and the evidence is undisputed that Ervin expended only $165.19 to repair the equipment for sale.)

Further, the majority states that the bids for the front-end loader were the same as "opinions as to the value of the loader." I cannot adopt this position as it is my view that *a bid for the purchase of equipment is not the same as an opinion of value*. However, assuming that a "bid" is the same as an "opinion" of value, *Ervin's testimony regarding what the bidders were offering for the loader has no probative value.*

" 'Opinion evidence as to the value of an item, in order to have probative value, must be based upon a foundation that the witness has some knowledge, experience or familiarity with the value of the property in question or similar property and he must give reasons for the value assessed and also must have had an opportunity for forming a correct opinion. (Cits.)' *Sisk v. Carney*, 121 Ga. App. 560, 563 (174 SE2d 456)." *Bryant v. GMAC*, 184 Ga. App. 323, 325 (2) (361 SE2d 529). *In the case sub judice, the bidders did not testify and there was no direct evidence that the bidders had knowledge, experience or familiarity with the value of heavy equipment or that they had reasons for assessing the loader as bid.* Instead, the majority concludes that the bidders were "knowledgeable as to the value of [the loader]" based on Ervin's testimony regarding the bidders' occupations, i.e., a farmer, the owner of a fencing business, an electronic engineer and the owner of a lumber business. While the individual bidder's business credentials are impressive, there is nothing to indicate

that their business experience qualifies them to testify as to the value of heavy equipment. It therefore follows that there was *no competent evidence* of the fair and reasonable value of the front-end loader, the tractor and the trailer at the time of repossession in order to overcome the presumption that the value of the collateral equaled the amount of the debt.

I am authorized to state that Judge Cooper joins in this dissent.

DECIDED NOVEMBER 20, 1990 —
REHEARING DENIED DECEMBER 4, 1990 — ■

*Jan W. McKinney,* for appellant.
*Richard, Chennggis & Constantinides, Platon P. Constantinides,* for appellee.