A90A1851. HORNSBY et al. v. ODUM.
(402 SE2d 56)

CARLEY, Judge.

In this tort action, appellant-plaintiff Mrs. Donna Hornsby sought damages for personal injuries which she allegedly sustained in an automobile collision and her husband sought damages for loss of consortium. They appeal from the judgment of the trial court entered on the jury's verdict for appellee-defendant and from the denial of their motion for new trial.

1. The collision occurred on February 12, 1987. Three weeks thereafter, Mrs. Hornsby was involved in yet another motor vehicle collision. The evidence was in conflict as to whether any injury that she suffered resulted from the collision with appellant or from the subsequent collision. " '[T]he general rule is that if, subsequently to an original wrongful or negligent act, a new cause has intervened, of itself sufficient to stand as the cause of the misfortune, the former must be considered as too remote. . . .' [Cits.] . . . ' "Questions of negligence . . . and proximate cause are peculiarly matters for the jury. . . ." ' [Cit.] . . . Therefore, whether the [subsequent collision] was the sole proximate cause of [appellants' alleged] injuries . . . [was] an issue for the jury to decide." *Herren v. Abba Cab Co.,* 155 Ga. App. 443, 444 (271 SE2d 11) (1980). Accordingly, the general verdict for appellee was authorized by the evidence and the trial court did not err in overruling the motion for new trial on the general grounds.

2. Appellants filed a pre-trial motion in limine to exclude evidence related to the subsequent collision. The purported overruling of

that motion is enumerated as error.

The record demonstrates that, after appellants had conceded that the *fact* of a subsequent injury and the *fact* of a settlement would be permissible matters of inquiry, the trial court ruled that the *amount* of any settlement and the *source* of any benefits or cash compensation would be excluded as irrelevant. Accordingly, it appears that the trial court *granted* all that appellants had requested. The testimony which was subsequently adduced during trial was within the bounds of the trial court's favorable ruling on appellants' motion in limine. "Thus, at every turn of these proceedings [appellants'] own procedures contributed to the [rulings] of which [they now complain]. 'One cannot complain of a judgment, order, or ruling that his own procedure or conduct aided in causing.' [Cit.]" *Stephenson v. Wildwood Farms*, 194 Ga. App. 728, 729 (391 SE2d 706) (1990).

3. Appellants enumerate as error the trial court's giving of certain jury instructions.

The trial court correctly charged that there could be no recovery of non-economic losses " ' "unless the injury is a *serious injury* as defined in subsection ([13]) of [OCGA § 33-34-2]." . . . [Cit.]' " (Emphasis in original.) *Pinkston v. Hagin*, 157 Ga. App. 2, 3 (2) (276 SE2d 67) (1981). "Since the jury returned a verdict in favor of the defendant, error, if any, in giving [the charges regarding nominal damages and the calculation of any award for future pain and suffering] would be harmless. [Cit.]" *Luke v. Spicer*, 194 Ga. App. 183, 184 (4) (390 SE2d 267) (1990). The giving of an instruction regarding the exercise of ordinary care for one's own safety was adjusted to the evidence adduced at trial. See generally *Brown v. Williams*, 191 Ga. App. 147, 148-149 (381 SE2d 308) (1989).

4. The Chief Judge of the Recorder's Court of Gwinnett County was properly designated to act as judge of the State Court of Gwinnett County pursuant to OCGA § 15-1-9.1 and, therefore, the judgment in this case is not void. *Dominguez v. Enterprise Leasing Co.*, 197 Ga. App. 664 (1) (399 SE2d 269) (1990). Appellants' reliance on *Adams v. Payne*, 219 Ga. 638 (135 SE2d 423) (1964) is misplaced. That case predates enactment of OCGA § 15-1-9.1 and construes constitutional and statutory provisions which have since been repealed or substantially amended. Moreover, the actions taken in the instant case are in full compliance with the mandate of that decision: "A proper written and filed request . . . was an indispensable prerequisite to clothe [the designated judge] with jurisdiction [and] power to act in this case" and that "indispensable prerequisite" was met here. *Adams v. Payne*, supra at 641. Likewise, the instant judgment is not void for having been entered on a date which was subsequent to the specific time period for which the temporary assistance of the designated judge had been requested. *Morris v. Clark*, 189 Ga. App. 228,

229-230 (1) (375 SE2d 616) (1988).
*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 14, 1991 —
REHEARING DENIED FEBRUARY 4, 1991.

*Smolar, Pelletier, Roseman & Barnes, Yehuda Smolar, Thomas Allan Rice*, for appellants.

*Fain, Major & Wiley, Charles A. Wiley, Jr., Gary W. Powell*, for appellee.