A91A1664. MOORE et al. v. AMERICAN SUZUKI MOTOR
CORPORATION.
(416 SE2d 807)

BIRDSONG, Presiding Judge.

Tony Moore, as successor and former chief executive officer and sole stockholder of Tony Moore Buick-Suzuki-Daihatsu, Inc., appeals from the grant of a directed verdict to American Suzuki Motor Corporation on his claims alleging that Suzuki arbitrarily refused to approve the transfer of his franchise, wrongfully terminated his franchise, and refused to buy back equipment and inventory. Moore also claimed attorney fees because of Suzuki's bad faith.

The record shows that after presentation of Moore's case, Suzuki moved for and was granted a directed verdict. The trial court found no evidence that Suzuki arbitrarily denied the transfer of the franchise or terminated the franchise without good cause because apparently the trial court found Moore violated his franchise agreement and OCGA § 10-1-653 by not providing prior written notice of his intent to transfer the franchise, because there was evidence that the proposed location of the transferred franchise was in a less favorable market, and because Moore had violated the terms of his franchise agreement by dissolving the corporation that held the franchise, by permitting his business license to lapse, and by closing his franchise in violation of the terms of his franchise agreement. Because of the decision on the merits, the trial court also granted a directed verdict on Moore's claim for attorney fees.

In numerous enumerations of error, Moore contends the trial court erred by granting the directed verdict against him because there were issues of fact for the jury since he presented evidence proving his claims and Suzuki presented no evidence. He also asserts the trial court erred by excluding certain evidence, and he asserts the trial judge was not qualified to decide the case. *Held*:

1. A directed verdict is authorized only when there is no conflict in the evidence on any material issue and the evidence, with all reasonable deductions and construed in favor of the non-moving party, demands a certain verdict. OCGA § 9-11-50 (a); *Southern Store &c. Co. v. Maddox*, 195 Ga. App. 2, 3 (392 SE2d 268); *McCarty v. Nat. Life &c. Ins. Co.*, 107 Ga. App. 178, 179 (129 SE2d 408). Further, the trial court is not authorized to weigh the evidence or decide issues of fact. *Barber v. Atlas Concrete Pools*, 155 Ga. App. 118-119 (270 SE2d 471). Therefore, we cannot affirm this grant of a directed verdict if there is any evidence supporting Moore's claims.

Although a directed verdict would have been proper if Moore simply failed to prove his case (*Collins v. Ralston & Ogletree*, 186 Ga. App. 583, 585 (367 SE2d 861)), we are satisfied the evidence is in conflict, and with all inferences that reasonably might be drawn there-

from, does not *demand* a verdict in favor of Suzuki. OCGA § 9-11-50 (a); see generally *Mansour v. McWilliams*, 172 Ga. App. 377, 378-379 (323 SE2d 262). Moreover, our law places the burden on Suzuki to prove its refusal to approve the transfer of the franchise was not arbitrary (OCGA § 10-6-653 (a)) and that it had good cause to terminate the franchise. OCGA § 10-6-651 (e).

Although there is evidence which could support a verdict in favor of Suzuki, that is not a sufficient basis for directing a verdict. "[T]here [must be] no evidence of any kind supporting [Moore's] position." (Emphasis deleted.) *Jenkins v. Gulf States Mtg. Co.*, 138 Ga. App. 835, 837 (227 SE2d 522). In particular, there is conflicting evidence on whether Suzuki's decision to refuse Moore's request to transfer the franchise and terminate Moore's franchise was arbitrary or was for good cause. Accordingly, it cannot be said that the evidence demanded a verdict for Suzuki.

The testimony from Moore and his expert witnesses and the documents concerning the proposed sale and the correspondence with Suzuki were sufficient to create jury issues on the transfer and the termination. In view of the conflicting evidence only the jury could decide if Suzuki gave valid reasons for its actions or, in light of Moore's evidence, merely gave groundless excuses to justify its decisions.

Although Suzuki claims Moore's own evidence showed that he violated his franchise agreement and OCGA § 10-1-653 by not giving prior notice of his intention to transfer the franchise until after he had agreed to transfer the franchise, or that Moore took actions which would warrant termination of the franchise under his franchise agreement and OCGA § 10-1-651, these are issues which must be decided by the jury. Moreover, the trial court was not authorized to make these findings because there was evidence from which it could be inferred that the agreement to sell the franchise was made contingent upon Suzuki's approval of the transfer of the franchise.

Further, OCGA § 10-1-651 (i) (2) provides "[w]ithout limitation as to factors which may constitute or indicate a lack of good cause, no termination shall be considered to be for good cause: If such termination relates to a change in ownership or management and the franchisor has not complied with Code Section 10-1-653." Therefore, if the jury finds under the evidence the refusal to transfer the franchise was arbitrary, the jury also could find, based upon the evidence presented, the subsequent decision to terminate the franchise was not for good cause.

Moreover, we cannot agree that Moore failed to present evidence on his damages. Even if Moore were not an expert or dealer, as a person experienced in this field with the opportunity to form a correct opinion, Moore was authorized to state his opinion of the value of the

various equipment and inventory as well as the profit or loss incurred on the sales of certain automobiles. OCGA § 24-9-66. Additionally, the contract for sale of the franchise which stated the purchase price for equipment and inventory was competent evidence on the damage incurred. Any question about the value actually established by this evidence was for the jury to determine. Accordingly, the trial court erred by granting Suzuki's motion for a directed verdict.

2. Moore also contends the trial court erred by excluding evidence of an inventory prepared before the sale. Although this issue is unlikely to recur upon a new trial, we note that it is the rule in this state that even evidence of questionable relevance or competence should be admitted and the weight of the evidence be left for the jury. *Harris v. State*, 183 Ga. App. 219 (2) (358 SE2d 634).

3. Although Moore complains that the trial court granted a directed verdict to Suzuki on his claim for bad faith even though Suzuki did not move for a directed verdict on this count, a motion for a directed verdict is not required if a directed verdict is demanded by the evidence. See *Kelly v. Chrysler Corp.*, 129 Ga. App. 447 (199 SE2d 856). Therefore, had the evidence warranted a directed verdict on the main claims, a directed verdict on the bad faith claim would have been demanded. Since a directed verdict was not warranted, however, the trial court also erred by granting a directed verdict on this issue.

4. Additionally, Moore contends the trial judge was not "otherwise qualified to serve as a judge in the requesting court" because the judge, designated from the recorder's court of Gwinnett County, was "neither appointed nor elected to sit on the bench in the same manner as constitutionally designated superior court judges." Moore does not contend that the trial judge was not properly designated under OCGA § 15-1-9.1 or that the trial judge was not qualified under OCGA § 15-6-4. Instead, he contends that judges who have not been appointed or elected to serve as judges in the same manner as superior court judges are not qualified for appointment under OCGA § 15-1-9.1. This contention conflicts with Art. VI, Sec. I, Par. III of the Constitution of Georgia (1983): "Provided the judge is otherwise qualified, a judge may exercise judicial power in any court upon the request and with the consent of the judges of that court and of the judge's own court under rules prescribed by law. The term 'judge,' as used in this article, shall include Justices, judges, senior judges, magistrates, and *every other such judicial office of whatever name existing or created.*" (Emphasis supplied.) Moreover, the legislative history of the Constitution of 1983 shows the drafters were aware that appointed judges of lower courts would be allowed to sit as judges on higher courts, including our Supreme Court, as long as they met the qualifications established for service on the higher court. In this case,

those qualifications are stated in OCGA § 15-6-4. Consequently, as it is not contested that this trial judge did not meet the qualifications to serve as a superior court judge, Moore's challenge to the trial judge is without merit. OCGA § 15-1-9.1 (a) (2); *Hornsby v. Odum*, 198 Ga. App. 472, 473 (402 SE2d 56); *Dominguez v. Enterprise Leasing Co.*, 197 Ga. App. 664, 666 (399 SE2d 269).

*Judgment reversed. Pope and Cooper, JJ., concur.*

DECIDED MARCH 5, 1992.

*Webb, Tanner & Powell, Anthony O. L. Powell, Andrew R. Mertz*, for appellants.

*Alston & Bird, T. Michael Tennant, A. McCampbell Gibson*, for appellee.