A94A1560. ROBERT, LTD. v. PARKER.
(450 SE2d 219)

BIRDSONG, Presiding Judge.

This appeal concerns non-competition, non-disclosure, and consulting agreements executed in connection with the termination of W. Ennis Parker's employment with Robert, Ltd., an architectural-engineering firm. Parker was Robert's president and chief operating officer when the board of directors decided to terminate his employment with the company. Subsequently, a severance package was negotiated that included the agreements involved in this litigation. Included in the package was an agreement that Robert would pay Parker $100,000 in 18 monthly installments as severance pay and consideration for the non-competition, non-disclosure, and consulting agreements, and the $100,000 payment was secured with a note. After four payments were made on the note, payments ceased when Robert learned that Parker was employed as an executive by one of its competitors.

After Parker sued on the note, Robert admitted a prima facie case and at trial defended on the grounds that Parker had violated the non-competition, non-disclosure, and consultation agreements he signed. After consideration of all the evidence presented by both parties, however, the trial court granted Parker's motion for a directed

---

verdict in the full amount sued. *Held*:

1. "A directed verdict is authorized only when there is no conflict in the evidence on any material issue and the evidence, with all reasonable deductions and construed in favor of the non-moving party, demands a certain verdict. OCGA § 9-11-50 (a); *Southern Store &c. Co. v. Maddox*, 195 Ga. App. 2, 3 (392 SE2d 268); *McCarty v. Nat. Life &c. Ins. Co.*, 107 Ga. App. 178, 179 (129 SE2d 408). Further, the trial court is not authorized to weigh the evidence or decide issues of fact. *Barber v. Atlas Concrete Pools*, 155 Ga. App. 118-119 (270 SE2d 471)." *Moore v. American Suzuki Motor Corp.*, 203 Ga. App. 189 (416 SE2d 807).

Examination of the trial court's comments in the transcript of the hearing on the motion for a directed verdict shows that the court found that Robert had failed to prove that Parker had violated the agreements. Of course, if supported by the evidence, the failure of a party to prove its case would be a proper basis for granting a motion for a directed verdict. *Moore v. American Suzuki*, supra; *Collins v. Ralston & Ogletree*, 186 Ga. App. 583, 585 (367 SE2d 861). In this instance, however, evidence was presented from which a jury might conclude that Parker violated the non-compete agreement. While we agree with the trial court that the non-compete agreement did not prohibit Parker from merely being employed by a competitor, that conclusion is not dispositive. The evidence also shows that, after leaving Robert, Parker sent a series of letters to former clients of Robert and offered further assistance to those clients. Thus, it becomes a question of fact whether these letters constituted solicitation of these former clients of Robert and thus whether Parker violated his non-compete agreement. Although the trial court's comments in ruling on the motion suggest that the court found that these letters were not efforts to solicit business, such a factual determination was not a matter within the court's authority. *Moore v. American Suzuki*, supra; *Barber v. Atlas*, supra. While the evidence presented might have authorized a verdict in favor of Parker, that would not authorize the grant of a directed verdict; to authorize a grant of directed verdict, "there must be no evidence of any kind supporting [Robert's] position." (Citation and punctuation omitted.) *Moore v. American Suzuki*, supra at 190.

2. Although Parker contends that we should affirm the grant of the directed verdict under the right for any reason rule (see, e.g., *Farmer v. Argenta*, 174 Ga. App. 682 (331 SE2d 60)) and in other circumstances application of that rule might be warranted, in the posture of this case it is not appropriate for us to do so. In effect, the trial court's grant of the directed verdict pretermitted the issues concerning enforceability of the agreements and decided the case based upon Robert's failure to prove that Parker had violated the agree-

ments. Thus, the trial court made no rulings on the enforceability of the agreements or on the question of liquidated damages, both of which are issues to be decided by the trial court in the first instance. See *W. R. Grace & Co. v. Mouyal*, 262 Ga. 464 (422 SE2d 529); *Liberty Life Ins. Co. v. Thomas B. Hartley Constr. Co*, 258 Ga. 808, 809 (375 SE2d 222). In these circumstances, we decline to address these issues before the trial court has done so.

Accordingly, as the evidence did not demand a verdict for Parker, the trial court erred by granting a directed verdict. OCGA § 9-11-50 (a). Therefore the judgment of the trial court must be reversed.

*Judgment reversed. Blackburn and Ruffin, JJ., concur.*

DECIDED SEPTEMBER 20, 1994 —
RECONSIDERATION DENIED NOVEMBER 22, 1994 —

*Smith, White, Sharma & Halpern, Furman Smith, Jr.,* for appellant.

*Greenfield, Bost & Kliros, William L. Bost, Jr.,* for appellee.

