A99A0307. HILLARY et al. v. BURRELL.
(516 SE2d 836)

Judge Harold R. Banke.

Evernezer and Valerie Hillary brought a personal injury action against Jeffrey Burrell whose vehicle rear-ended theirs. Enumerating four errors, the Hillarys contest the verdict directed in favor of Burrell.

The underlying case arose after Burrell's Volvo struck the rear of the Hillarys' vehicle. Evernezer Hillary testified that he brought his

vehicle to a complete stop before exiting from the driveway of a church in mid-morning. After looking to his left, right, and left again, he then proceeded to make a right turn. According to Hillary, a traffic light at the top of the hill to his left, approximately 200 feet away, was red for traffic advancing in his intended direction. Hillary testified that there was no blind spot between him and the traffic signal. After observing no oncoming traffic, Hillary made a right turn into the extreme right lane of a four-lane road which had a center turn lane. After proceeding about 50 feet, the Hillarys were suddenly rear-ended by Burrell. Hillary testified that he felt the impact before hearing the squeal of Burrell's tires. By Hillary's calculation, in order for Burrell to have covered the distance between them of 250 feet, Burrell needed to "come over that hill running fifty-five or sixty miles an hour. . . ." According to Hillary, Burrell "was really in a hurry," and "come [sic] over the hill speeding."

Valerie Hillary attested that she also looked in both directions to make certain it was safe to proceed. Before they were hit, she did not hear the blare from a horn or the squeal of brakes. She testified, without contradiction, that the speed limit was at most 45 mph. Photographs entered into evidence showed that the Hillarys' Camaro sustained serious damage to the left rear bumper, left rear lights, and some additional damage to the left rear quarter panel.

Prior to presenting any defense, Burrell moved for a directed verdict. Notwithstanding the trial court's determination that the evidence established that the plaintiffs were struck from the rear by Burrell's vehicle, the court found that the Hillarys failed to offer any evidence of Burrell's negligence. The court concluded,

> [i]n the absence of any testimony regarding the actual speed at which the Defendant was traveling or an observation of what that speed was, there is not enough information for a finder of fact to make the determination as to which party was negligent, and negligence cannot be presumed or inferred.

Finding no affirmative proof of Burrell's negligence, the trial court directed a defense verdict. *Held*:

1. The Hillarys contend that the trial court erred in granting Burrell's motion for directed verdict at the close of their case because disputed issues of negligence and proximate cause required jury resolution.

A directed verdict is proper only where there is no conflict in the evidence on any material issue, and the evidence, with all reasonable deductions construed in favor of the non-movant, demands a particular verdict. OCGA § 9-11-50 (a). *Moore v. American Suzuki Motor*

*Corp.*, 203 Ga. App. 189 (1) (416 SE2d 807) (1992). A verdict cannot be directed unless there is *"no evidence of any kind* supporting [the non-movant's] position." (Emphasis in original.) *Jenkins v. Gulf States Mtg. Co.*, 138 Ga. App. 835, 837 (227 SE2d 522) (1976).

As a general rule, in rear-end collision cases like this one,

> the liability, degree of liability, or lack of liability on the part of any involved driver depends upon a factual resolution of the issues of diligence, negligence, and proximate cause [and] these issues should be resolved[ ] by the jury and not by trial and appellate judges.

(Punctuation omitted.) *Jenkins v. Lampkin*, 145 Ga. App. 746, 748 (1) (244 SE2d 895) (1978). Under similar facts in *Wallace v. Willis*, 111 Ga. App. 576, 578 (2) (142 SE2d 383) (1965), where the plaintiff was abruptly rear-ended by the defendant's automobile after the plaintiff observed no oncoming traffic, completed her turn, and was proceeding down a road, this Court held that the cause of that collision "was clearly a jury question as to what act or omission constituted the proximate cause of the plaintiff's injuries and damages." Id. at 580.

Although the jury might ultimately have found for Burrell, when all the evidence is construed more favorably toward the Hillarys, the evidence did not demand that result. See *Wallace*, 111 Ga. App. at 580; *Barber v. Atlas Concrete Pools*, 155 Ga. App. 118, 119 (2) (270 SE2d 471) (1980) (trial court is not authorized to weigh the evidence or to decide issues of fact). Instead of permitting the jury to infer from the evidence that Burrell was speeding at the time of the collision, or that Burrell was following too closely, or that Burrell had been inattentive and failed to exercise reasonable care in operating his vehicle, the trial court improperly cast the evidence and all possible inferences against the Hillarys. See id. at 118 (1). Because the evidence did not demand the verdict directed, we reverse. See *Jenkins*, 145 Ga. App. at 748; compare *Aldridge v. Dixie Fire & Cas. Co.*, 223 Ga. 130, 133 (1) (153 SE2d 723) (1967).

2. In light of our holding in Division 1, we need not reach the remaining enumerations of error.

*Judgment reversed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED APRIL 28, 1999.

*Thomas L. Murphy*, for appellants.
*Twanda Turner-Hawkins*, for appellee.